**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-02-1113-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Gary Chief, ) | |
| Defendant. ) | |

On June 24, 2004, Defendant Gary Chief was found guilty of abusive sexual contact and placed on probation for five years. On April 20, 2006, Defendant's probation was revoked and he was sentenced to prison for six months, followed by 36 months of supervised release. On February 12, 2008, the Government filed a petition to revoke supervised release. The petition alleges that Defendant violated a special condition of his supervised release that required him to submit to periodic polygraph testing as a means to determine compliance with the requirements of his therapeutic program. The petition alleges that on January 23, 2008, on advice of counsel, Defendant stated that he would not participate in an upcoming polygraph examination.

At a hearing on September 25, 2008, the parties agreed that Defendant had appeared for a polygraph examination on January 11, 2008. Only two questions were asked during the examination: (1) Since your release from prison, have you had sexual contact with a minor? (2) Since your release from prison, have you touched a minor for sexual reasons? Defendant responded "no" to both questions. The polygraph examiner found Defendant's answers to

1  be inconclusive as to deception or non-deception, and another polygraph examination was
2  scheduled for February 1, 2008. On advice of counsel, Defendant refused to participate in
3  this examination.

4  The parties agree that Defendant retains his Fifth Amendment privilege against self-
5  incrimination while on supervised release and may assert it in response to questions asked
6  during a polygraph examination. *See United States v. Antelope*, 395 F.3d 1128 (9th Cir.
7  2005). The parties disagree, however, on how the privilege must be asserted. The
8  Government contends that Defendant must assert the privilege on a question-by-question
9  basis, and that his blanket refusal to appear for the February 1 polygraph examination
10  violated his supervised release. Defendant contends that his refusal to appear was warranted
11  in light of the clearly incriminating nature of the subjects that would be addressed at the
12  examination and a long history of polygraph exams where Defendant has incriminated
13  himself.

14  The Ninth Circuit generally requires that "the Fifth Amendment claim be raised in
15  response to the specific questions propounded by the investigating body . . . [A] blanket
16  refusal to answer any question is unacceptable." *United States v. Pierce*, 561 F.2d 735, 741
17  (9th Cir. 1977). The Ninth Circuit has recognized an exception to this rule when the trial
18  court, "based on its knowledge of the case and of the testimony expected from the witness,
19  can conclude that the witness could 'legitimately refuse to answer essentially all relevant
20  questions.'" *United States v. Tsui*, 646 F.2d 365, 368 (9th Cir. 1981) (*quoting United States
21  v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980)). This exception is narrow and applies only
22  "where the trial judge has some special or extensive knowledge of the case that allows
23  evaluation of the claimed [F]ifth [A]mendment privilege, even in the absence of specific
24  questions to the witness." *United States v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982).

25  This petition falls within the narrow exception recognized in *Tsui* and *Moore*. The
26  Court is familiar with Defendant's history of polygraph examinations in this case and several
27  instances where he has provided incriminating information. At the exam on January 11,
28  2008, Defendant was asked only two questions: whether he had engaged in physical sexual

1 contact with a minor since his release from prison and whether he had touched a minor for
2 sexual reasons since his release.  Responses to both questions could be incriminating.  The
3 purpose of the February 1 polygraph exam, according to Probation Officer Mark Geiger (who
4 testified at the hearing on September 25), was specifically to resolve issues raised by the
5 January 11 examination.  No other purpose was identified.  The Court thus can conclude that
6 Defendant would have been asked about possible crimes since his release from prison and,
7 based on his history, likely would have incriminated himself in response.  On the basis of
8 these unique facts, the Court concludes that Defendant properly exercised his Fifth
9 Amendment right when he declined to participate in the February 1, 2008 examination.

10 The Court wishes to emphasize what it is not deciding.  The Court is not holding that
11 Defendant may make blanket objections to polygraph exams under other circumstances.  The
12 general rule remains.  Fifth Amendment rights generally must be asserted on a question-by-
13 question basis.  Nor is the Court rendering any opinion on the probation office policies
14 discussed at the hearing on September 25, 2008, or on the question of whether Defendant has
15 a right to counsel during polygraph examinations.  These issues need not be decided to
16 resolve the present petition.

17 Because the Court concludes that Defendant made a valid assertion of his Fifth
18 Amendment rights in refusing to participate in the February 1, 2008 polygraph exam, the
19 Court will deny the petition to revoke his supervised release.

20 **IT IS ORDERED:**

21 1.  The Petition to Revoke Supervised Release (Dkt. #80) is **denied**.

22 2.  Defendant's Motion to Dismiss the Petition (Dkt. #97) is **denied**.  The petition
23      is not facially defective and did not fail to give Defendant adequate notice of
24      the charges against him.

25 DATED this 29th day of September, 2008.

David G. Campbell
United States District Judge

- 3 -